UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

Eastern District of Kentucky
**FILED**

APR 2 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-12-JMH

BENJI STOUT                                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOHN D. REES, ET AL.                                                      DEFENDANTS

The plaintiff, an inmate confined at the Eastern Kentucky Correctional Complex, has filed a *pro se* complaint pursuant to 42 U.S.C. §1983. The plaintiff alleges that deliberate indifference has been exhibited to his serious medical needs. Though he claims this constitutes a violation of his "Sixth (6th) and Fourteenth (14th) Amendments of the United States Constitution," liberally construing this *pro se* complaint, it appears such could more properly be deemed a violation of his Eighth Amendment rights.

The originally named defendants are: Kentucky Department of Corrections Commissioners John D. Rees and George R. Million; Roederer Correctional Complex Physician Steven White; Roederer Warden James Sweatt; Kentucky Department of Corrections Director of Medical Services Doug Crall; and one as-yet-to-be-named "Nurse Jane Doe." The defendants are named in both their individual and official capacities.

The plaintiff seeks damages and injunctive relief to include that he be "thoroughly checked over by an independent Doctor that is not employed by the Department of Corrections."

Factual Allegations

On December 22, 2004, at approximately 10:30 p.m., while the plaintiff was confined at the

Roederer Correctional Complex in LaGrange, Kentucky, a "light fell from the ceiling" and hit him on the head. Though the plaintiff fails to plead that he suffered any injuries or, if he did, what they were, he was taken to the medical area to be checked. The nurse allegedly refused to check the plaintiff for medical injuries, would not send the plaintiff to the hospital, and merely administered Motrin. The plaintiff's only statement regarding an injury is "[t]his has moved from my head and neck to my back. I am in constant pain that no medication can help that I have been given."

On December 28, 2004, the plaintiff filed a grievance asserting his displeasure at the verbal treatment and the alleged lack of medical treatment he received from the nurse the night of December 22, 2004. He merely claimed he was "still hurting." The Grievance Aide advised him to go to sick call. The Health Care Grievance Committee reviewed Stout's grievance and, on February 14, 2005, recommended "if you are still having problems to go to sick call. . . ." On March 4, 2005, he filed this complaint.

## THE STANDARD

The plaintiff has a constitutional right to adequate medical care while in custody. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). It is well established that "deliberate indifference to the serious medical needs of prisoners" constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle,* 429 U.S. at 104, 97 S.Ct. 285.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The plaintiff attempts to allege that deliberate indifference has been exhibited to his serious medical needs for back and neck pain.

-2-

The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.*

The plaintiff cannot establish that deliberate indifference has been exhibited to his serious medical needs. After the plaintiff was injured at the Roederer Correctional Complex, and after he complained of medical treatment at that institution, he was transferred to the Eastern Kentucky Correctional Complex. Since his transfer, the plaintiff has been encouraged to take his complaints to medical personnel at EKCC. There are no allegations in the record that he has done so. The plaintiff appears to be alleging that he is in pain, that he is receiving inadequate treatment from unspecified persons in unspecified institutions at unspecified times and instances. It is also implied that because of his alleged personality conflict with a nurse, he is not taking advantage of health care that is available to him. At most, the plaintiff has alleged a difference in opinion between the plaintiff and his health care providers regarding the expediency of specific treatment. This does not generally create a constitutional claim. *See Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970); *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983). Additionally, the plaintiff, perhaps, is asserting malpractice claims against the attending physicians. This Court is without jurisdiction over such state tort claims.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)    This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

(2)  Plaintiff's for Appointment of Counsel [Record No. 3] is **DENIED.**

(3)  Plaintiff's "Motion to Supplement, Add, Amend or Rescind" [Record No. 4] is **DENIED**.

This the ___22___ day of April, 2005.

_____
JOSEPH M. HOOD, JUDGE

Date of Entry and Service: